IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T Mobility LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-00277-JOF |
| C1F, Inc., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **OPINION & ORDER**

This matter is before the court on Defendant Salisbury's motion to dismiss [23].

**I.   Background**

    **A.   Complaint**

Plaintiff, AT&T Mobility, originally filed suit against Defendants John Does 1-4, and XYZ Corps, 1-100, on January 30, 2009, alleging that Defendants have been involved in making millions of unsolicited telemarketing calls to AT&T Mobility and its subscribers. On February 5, 2009, the court granted Plaintiff's motion for expedited discovery to identify and locate the "Doe Defendants" via service of subpoenas on various telecommunication carriers. The court also approved the issuance of certain letters rogatory.

As a result of that discovery, on June 24, 2009, Plaintiff filed its First Amended Complaint which identified the following defendants: C1F, Inc. a/k/a Choice One Financial, Inc., Consulting Computers International, Credexx Corporation d/b/a Auto One Warranty Specialists, Shawn Privratsky, Proximo Systems a/k/a Kunnect, Andrew Salisbury, SCM Media, Inc., Voice Solutions a/k/a Explicit Media, and Volcano Leads, LLC.  Because Defendant Salisbury has filed the instant motion to dismiss, the court recounts the facts as alleged in the First Amended Complaint primarily as they relate to Defendant Salisbury.

In the jurisdictional statement of the First Amended Complaint, Plaintiff avers that Andrew Salisbury is a California resident "affiliated with C1F, Inc. and is the administrative and technical contact for SCM Media.  Andrew Salisbury has been linked to telemarketing calls made to [AT&T Mobility] accounts." *See* First Amended Cmplt., ¶ 5.  Plaintiff alleges that "Defendants have made millions of unsolicited telemarketing calls to [AT&T Mobility] subscribers on their wireless phones . . . by using an autodialer and a prerecorded voice message." *Id.*, ¶ 16.

Plaintiff's First Amended Complaint also notes that through the issuance of subpoenas, an entity called VoiceInc.com indicated that C1F, Inc. was the wholesale reseller for telephone number 502-447-4497 which had been linked to these telemarketing calls. *Id.*, ¶ 22.  Plaintiff then issued a subpoena to C1F, Inc.  *Id.*, ¶ 23.  C1F, Inc.'s records indicated that 15,109,657 calls were made from telephone number 502-447-4497 during the relevant

2

time period. *Id.*, ¶ 24. These calls were linked to "MGMT: ABM Group: Auto Warrant Master: Auto Warrant_714: Auto One." *Id.*

Plaintiff communicated with C1F's attorney who informed AT&T Mobility that his client contact at C1F, Inc. was Andrew Salisbury. *Id.*, ¶ 25. Plaintiff further alleges that "Andrew Salisbury is the administrative and technical contact for SCM Media. Further, the Texas Attorney General has filed a complaint alleging, among other things, that SCM Media made illegal telemarketing calls to [AT&T Mobility] accounts. Upon information and belief, Andrew Salisbury and SCM Media have made illegal telemarketing calls to [AT&T Mobility] accounts." *Id.*

Plaintiff also determined through its records that telephone number 207-925-1732 made 3,205,403 telemarketing calls to [AT&T Mobility] customers through various telecommunications carriers. *Id.*, ¶ 26. Plaintiff issued subpoenas on those carriers and learned that Paetec is the wholesale reseller for that telephone number. *Id.*, ¶¶ 27-29. Plaintiff issued a subpoena to Paetec and learned that VoiceInc.com is the account owner of the telephone number. *Id.*, ¶ 30. A subpoena issued to VoiceInc.com indicated that C1F, Inc. was the wholesale reseller of the number during the relevant time period. *Id.*, ¶ 31. Plaintiff issued a subpoena to C1F, Inc. and those records show that telephone number 207-925-1732 made more than 14,350,000 calls during the relevant time. *Id.*, ¶ 33. Andrew Salisbury was again determined to be the client contact for C1F, Inc.'s attorney. *Id.*, ¶ 35.

3

Finally, attached to Plaintiff's First Amended Complaint at Exhibit A are the documents that C1F, Inc. produced in response to Plaintiff's subpoena. Defendant Salisbury was carbon copied on the production of those documents.

In Count One of Plaintiff's First Amended Complaint, Plaintiff asserts a claim for a violation of the Federal Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* The Telephone Consumer Protection Act makes it unlawful "for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone." *Id.*, § 227(b)(1) (emphasis added).

The Telephone Consumer Protection Act contains a private right of action for violations of the Act "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." *Id.*, § 227(b)(3)(B). Willful violations increase the amount of statutory damages to $1,500. *Id.*, § 227(b)(3)(C).

In the remaining counts of Plaintiff's First Amended Complaint, Plaintiff asserts state law causes of action for trespass against the telephones, telephone networks, and switching/transmission facilities that make up AT&T Mobility's wireless system; trespass to chattels; conversion; and unjust enrichment and the imposition of a constructive trust in favor of Plaintiff.

### B.     Contentions

Defendant Salisbury contends that there is not a sufficient factual basis in the allegations made against him and the complaint should be dismissed under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Defendant Salisbury argues that Plaintiff has not alleged facts to show that Defendant made any illegal telemarketing calls using any automatic telephone dialing system in violation of the Telephone Consumer Protection Act. Defendant Salisbury denies he is "the administrative or technical contact for SCM Media." Plaintiff has not explained how Defendant Salisbury is affiliated with C1F, Inc. or how he has been "linked" to telemarketing calls. Defendant Salisbury avers that it cannot be inferred from Plaintiff's allegations that he made any calls violating the Telephone Consumer Protection Act. Because Plaintiff's allegations are conclusory, Defendant Salisbury contends they must be dismissed.

Plaintiff responds that it has sufficiently pled Defendant Salisbury's involvement to state a claim under the Telephone Consumer Protection Act. Plaintiff avers its allegations show that Defendant Salisbury is linked to two of the four telephone numbers which AT&T Mobility identified as being responsible for the unsolicited telemarketing calls at issue in this litigation. Plaintiff further made allegations showing a direct relationship between Salisbury, C1F, Inc. and SCM Media, Inc.

5

**II.     Discussion**

With the cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court has clarified the landscape surrounding the standards for notice pleading. In *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009), the Eleventh Circuit described the impact of *Twombly* and *Iqbal*.

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir.2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").
>
> A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).
>
> More recently, in *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned,

> the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

578 F.3d at 1260-61, 1268.

The court first addresses Defendant's denial that he is "the administrative or technical contact for SCM Media." It is axiomatic that the court must accept the well-pleaded factual allegations in Plaintiff's complaint as true and Defendant's mere denial of those facts is not something the court can consider on a motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

Based on the allegations in Plaintiff's First Amended Complaint, Plaintiff develops two theories connecting Defendant Salisbury to liability through two of the telephone numbers it discovered were involved in making unsolicited telemarketing calls – telephone numbers 502-447-4497 and 207-925-1732. Through subpoenas issued with respect to 502-447-4497, Plaintiff learned from VoiceInc.com that C1F, Inc. was the wholesale reseller for 502-447-4497. Plaintiff learned from C1F Inc.'s records that 502-447-4497 made over 15 million calls during the relevant time period. Significantly, C1F's attorney informed Plaintiff that his client contact at C1F, Inc. was Andrew Salisbury. Thus, the allegations in

7

Plaintiff's First Amended Complaint link telephone number 502-447-4497 to Andrew Salisbury.

Through subpoenas issued regarding the second number 207-925-1732, Plaintiff learned that Paetec was the wholesale reseller for that number and VoiceInc.com owned the account. Further subpoenaed records from VoiceInc.com show that C1F, Inc. was the wholesale reseller of that number. Again, Plaintiff had established the link between C1F, Inc. and Andrew Salisbury.

The court finds that Plaintiff's allegations rise above the standards set by *Twombly* and *Iqbal*. The records Plaintiff obtained through subpoenas are more than speculative. They trace telephone numbers used to make high volume unsolicited calls to a company called C1F, Inc. Plaintiff's further investigation lead to a statement that Andrew Salisbury is a representative for C1F, Inc. Thus, Plaintiff's allegations are not "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" as criticized in *Iqbal*. Further, the factual allegations made by Plaintiff are specific enough for the court to draw the reasonable inference that Andrew Salisbury has some level of control over the activities of C1F, Inc. as the individual giving instructions to counsel for C1F, Inc. and being carbon copied on C1F, Inc.'s production of documents in response to the subpoena. In sum, the court finds that the factual allegations of Plaintiff drawn from the subpoenaed records "nudge[s] the claim 'across the line from conceivable to plausible.'"

This is not to say, of course, that Plaintiff will be able to prove its case against Defendant Salisbury. Rather, the court finds only that Plaintiff's complaint is pled with sufficient detail and plausibility to survive Defendant Salisbury's motion to dismiss.

### III.   Conclusion

The court DENIES Defendant Salisbury's motion to dismiss [23].

**IT IS SO ORDERED** this 14th day of June 2010.

/s   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)